UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAYALA LOPES MOTA,

        Plaintiff,

    v.                                                                                            Case No. 25-C-775

JOSHUA STUDINSKI,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

        This is an action to enforce an Affidavit of Support executed by Defendant Joshua Studinski in sponsoring Plaintiff Hayala Lopes Mota's immigration to the United States. Under the terms of the affidavit, Mr. Studinski contractually promised to maintain Ms. Mota's income at a level equal to or at least 125% of the poverty line. Ms. Mota is a citizen of Brazil and a lawful permanent resident of the United States. On June 15, 2022, she was admitted to the United States on a K-1 Fiancée Visa. The parties were married three days later, on June 18, 2022.

        The parties' marriage soon became acrimonious, and they separated in February of 2023. Mr. Studinski filed a petition for divorce in the Circuit Court of Milwaukee County, and the final decree of divorce was issued on September 27, 2024. The family law court awarded maintenance to Ms. Mota for twelve months but expressly declined to determine her claim under the Affidavit of Support, instead deferring the issue to federal court. On May 29, 2025, Ms. Mota filed the current action seeking to enforce the Affidavit of Support.

        The record establishes that Mr. Studinski evaded service and, ultimately, counsel for Ms. Mota sought to publish service pursuant to Wis. Stat. § 801.11(c). Counsel filed a certificate of service by publication on September 29, 2025, showing publication on September 22, 2025. When

Mr. Studinski failed to respond within the time allowed, Plaintiff requested entry of default. The clerk entered default as to Mr. Studinski on November 3, 2025; and later that day, Mr. Studinski filed a motion to dismiss for improper service.

In his motion, Mr. Studinski states that Plaintiff had not served him in a manner required under Rule 4(e) of the Federal Rules of Civil Procedure. Specifically, Mr. Studinski states he was neither personally served, nor did any authorized agent receive service of the summons and complaint. He further contends that no waiver of service was executed or filed with the court. With respect to the affidavit of mailing filed by counsel for the plaintiff, Mr. Studinski contends it contains material errors in that both addresses listed for the plaintiff are inaccurate or correspond to an invalid mailing location for him at the time of attempted service.

Service of a summons and complaint in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure. Where service is sought upon an individual within a judicial district of the United States, it may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The state law governing service of a summons and complaint in Wisconsin is section 801.11 of the Wisconsin Statutes. That is the statute under which counsel for Ms. Mota attempted to serve Mr. Studinski here.

Section 801.11(1)(a) states that service upon a natural person is achieved by "personally serving the summons upon the defendant either within or without this state." If with reasonable diligence the defendant cannot be served, the statute allows substituted service by leaving a copy of the summons at the defendant's usual place of abode" in the presence of a competent member of the family at least 14 years of age or a competent adult, currently residing in the abode of the defendant. The individual with whom the summons is left, whether a member of the family or an

adult that lives there, must also be informed of the contents of the summons. Wis. Stat. § 801.11(1)(b). Finally, "[i]f with reasonable diligence the defendant cannot be served under par. (a) or (b)," the statute provides:

> service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

Wis. Stat. § 801.11(c); *see Cunningham v. Montes*, 883 F.3d 688, 689 (7th Cir. 2018) ("The propriety of resorting to publication depends on Wis. Stat. § 801.11(1), which says that when 'reasonable diligence' has not succeeded in producing service in hand, then a court may authorize service by publication.").

Here, the record shows that Mr. Studinski was evading service and that counsel for Ms. Mota used reasonable diligence in attempting to personally serve him. According to the Declaration of Ms. Mota, she lived with Mr. Studinski in the upstairs unit of a duplex he owned at 1202 North 46th Street, Milwaukee, Wisconsin. Dkt. No. 14, ¶ 2. She believed he still lived there as late as July 2025, when her friend sent a video to her showing his truck parked outside. *Id.*, ¶ 3. Counsel had been in contact with Mr. Studinski, trying to resolve the claim, even before suit was filed, but Mr. Studinski states he ceased communication with Counsel and blocked email correspondence on April 10, 2025, "due to a pattern of harassing conduct." Dkt. No. 12 at 2.

After filing suit, Counsel requested that Mr. Studinski waive service by sending him copies of the summons and complaint, along with the waiver form, to the address he provided in the divorce proceedings, as well as to the address listed for the Limited Liability Company (LLC) managed by Mr. Studinski which was listed as the current owner of the property at his last known address. *See* Fed. R. Civ. P. 4(d) (providing that individual to whom summons is mailed is liable

3

for expenses incurred in making service if, without good cause, he fails to sign and return waiver). Counsel also emailed a copy to Mr. Studinski, using the email address he had previously used to correspond with Mr. Studinski. Dkt. No. 11, ¶¶ 2, 6. When Mr. Studinski failed to respond, Counsel retained a process server who made seven attempts to personally serve Mr. Studinski at his last known address. Dkt. No. 11-3. When that failed, Counsel elected to serve Mr. Studinski by publication.

In his motion to dismiss, Mr. Studinski argues that the entry of default should be vacated and the case dismissed because he was not personally served with a copy of the summons and complaint. Mr. Studinski does not argue that he did not receive notice of the suit. In fact, he admits he "discovered this lawsuit after conducting an online search of his own name." Dkt. No. 17, at 1. Mr. Studinski insists he does not live at 1202 N. 46th Street and claims it is a rental property, not his residence. He also disputes the photographic evidence attached to Ms. Mota's declaration, claiming the truck shown outside the duplex is not registered to him but is "a maintenance truck." Mr. Studinski also claims he "reasonably withheld his private residence to avoid harassment," but insists "exercising caution does not constitute evasion of service." *Id.* at 2. In other words, Mr. Studinski argues that the plaintiff has failed to establish that reasonable diligence was used to obtain personal or substituted service before service by publication was used.

Based on the record before the court, I find that the plaintiff has met her burden of establishing that reasonable diligence was used to serve Mr. Studinski personally, or by substituted service, before the plaintiff elected to use publication. Even now, Mr. Studinski has chosen to conceal his residential address, providing the court and counsel with a mailing address that is nothing more than a mailbox at a UPS Store, the same address that serves as the registered office for Mr. Studinski's LLC, and also one of the addresses to which Counsel mailed the summons,

4

complaint, and waiver form before attempting personal service. Dkt. No. 13 at 4. He offers no suggestions as to what counsel for Ms. Mota could have done but failed to do to personally serve him. His argument amounts to nothing more than the plaintiff's efforts were unsuccessful—he was not personally served.

But the statute requires only reasonable diligence to personally serve a defendant; it does not require success. *See Emery v. Emery*, 124 Wis. 2d 613, 369 N.W.2d 728 (1985) (holding that wife exercised reasonable diligence in her attempt to personally serve husband with summons in divorce action prior to instituting substituted service by publication, where husband traveled frequently and extensively following his separation from wife, where wife did not know her husband was in Texas at time she was to attempt personal service, where he moved and did not reveal his Minnesota address to wife, and where he had told wife that he was returning to Wisconsin to see their son). The efforts to personally serve Mr. Studinski described in the various declarations and exhibits, in the face of Mr. Studinski's continued refusal to reveal his current residence, are more than sufficient to show reasonable diligence. To rule otherwise would simply reward the defendant for his continuing efforts to evade service. Lawsuits are not intended to begin with a game of "tag" or "hide-and-seek."

At the same time, however, the court notes that Plaintiff's publication did not comply with Wis. Stat. § 801.11(c). To repeat, that subsection requires that "service may be made by publication of the summons as a class 3 notice, under ch. 985 . . . ." Section 985.07(3)(a) states: "All notices designated as class 3 notices require 3 insertions." Wis. Stat. § 985.07(3)(a). The Affidavit of Publication filed by Plaintiff in support of her request for entry of default states that

the required notice was only published on one day, not three as § 985.07(3)(a) requires. As a result, service by publication is defective.

Importantly, Mr. Studinski does not challenge the manner of publication and, thus, any defect in publication could be considered waived. *See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wisconsin, Inc.*, 991 F.2d 1249, 1258 (7th Cir. 1993) ("We consistently hold that arguments not made in the district court are waived."). Rather than hold that Mr. Studinski has waived the argument that the published notice is defective, the court could extend time for Plaintiff to effect lawful service on Mr. Studinski, whether by proper publication, waiver, personal, or substituted service pursuant to Rule 4(m). But the court would then be required to find good cause for counsel's failure to have the notice published in three separate insertions, instead of one as the statute clearly requires, and this after the court had already extended the time for service to be accomplished. Dkt. No. 7. The court could also grant Mr. Studinski's motion and dismiss the case without prejudice. But this would require Plaintiff to begin again and incur additional expense and delay to try again to serve Mr. Studinski or publish more notices in a paper he will likely never see so as to provide him constructive notice of a lawsuit of which he has long had actual notice.

The court concludes that Plaintiff has shown reasonable diligence to serve Mr. Studinski personally or by substituted service and that Mr. Studinski has waived any defect in publication by failing to raise the issue. The motion to dismiss is therefore denied. The Clerk is directed to set this matter on the court's calendar for a telephone conference to discuss further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of December, 2025.

_____
William C. Griesbach
United States District Judge

6

Case 2:25-cv-00775-WCG   Filed 12/15/25   Page 6 of 6   Document 20